## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RUFF** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | **NO.  14-4704** |
| **TEMPLE UNIVERSITY** | : | |

### ORDER-MEMORANDUM

**AND NOW**, this 13th day of February 2015, upon consideration of Defendant's Motion

to Dismiss for Lack of Subject Matter Jurisdiction (ECF Doc. No. 8) and Plaintiff's Response

(ECF Doc. No.16), it is hereby **ORDERED** that Defendant's Motion is **DENIED**.

An employee may waive his or her rights to pursue a federal statutory claim in federal

court through a union-negotiated CBA.  For such waiver to be valid, the "agreement to arbitrate

statutory antidiscrimination claims [must] be 'explicitly stated' in the collective-bargaining

agreement." *Harrell v. Kellogg Co.*, 892 F.Sudpp.2d 716, 720 (E.D. Pa. 2012) at 720 (quoting

*14 Penn Plaza v. Pyett*, 556 U.S. 247, 258 (2009) and *Wright v. Universal Maritime Serivce*

*Corp.*, 525 U.S. 70, 80 (1998)).

Defendant cites two provisions of the CBA in support of its argument that the CBA

*requires* Plaintiff to arbitrate his claims. The first provision is a general clause, contained in

Article IV, which prohibits "discriminat[ion] against or in favor of any employee on account of

race. . ."  The second is a general arbitration provision, in Article XIV directing that "any

grievance which may arise between the parties concerning the application, meaning or

interpretation of this Agreement, shall be resolved" in accordance with a multi-step grievance

process, which may include arbitration.

The Supreme Court has not expressly defined what constitutes an explicit waiver of the right to pursue statutory discrimination claims in a judicial forum, but a recent opinion in this District provides guidance on what is *not* sufficient:

> Post *Wright* courts appear to be in agreement that a statute must specifically be mentioned in a CBA for it to even approach *Wright's* 'clear and unmistakable' standard…. The teachings of [*Alexander v.* ]*Gardner-Denver*,[ 415 U.S. 36 (1974)], *Matthews* [*v. Denver Newspaper Agency LLP*, 649 F.3d 1199 (10th Cir. 2011), *Rogers v. N.Y. Univ.*, 220 F.3d 73 (2d Cir. 2000), *Bratten* [*v. SSI Servs., Inc.*, 185 F.3d 625 (6th Cir. 1999)], *Carson* [*v. Giant Food, Inc.*,175 F.3d 325 (4th Cir. 1999)], and *Quint* [*v. A.E. Staley Mfg. Co.*, 172 F.3d 1 (1st Cir. 1999)], lead to the clear conclusion that a CBA with a general arbitration provision and an nondiscrimination provision that does not expressly mention the federal antidiscrimination statute under which the employee seeks redress, does not contain an explicit waiver to the employee's right to litigate his/her statutory claims in a judicial forum.

*Harrell v. Kellogg Co*, 892 F.Supp.2d at 724 (internal citation and quotation marks omitted).[1]

Here, Defendant does not contend that the CBA specifically mentions any federal statute. Accordingly, the Court cannot conclude that there was any clear and unmistakable waiver of Plaintiff's right to pursue his claims in this forum.

Defendant shall file an Answer to the complaint no later than February 27, 2015.

KEARNEY, J.

---

[1] Like the instant case, the defendant in *Harrell* pointed to two provisions in the CBA. One was a general arbitration provision that compelled plaintiff to arbitrate "disputes or disagreement concerning the interpretation and application of the CBA." *Id.*, 892 F.Supp.2d at 725. The CBA also contained a general clause that prohibited the defendant "from discrimination on the basis of race." *Id.*